# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

STEPHANY TORRES
MONTANEZ,

          Plaintiff,

v.                              **Case No. 6:24-cv-701-JA-LHP**

FRANCES SLUSARS,

          Defendant.

## ORDER

Plaintiff, Stephany Torres Montanez, moves to remand this action to the state court from which it was removed by Defendant, Frances Slusars. (Mot., Doc. 10). Having considered Montanez's motion, Slusars's response (Doc. 12), and the record, the Court finds that Montanez's motion must be granted.

## I.    Background

Montanez initiated this action by filing a one-count Complaint for negligence in state court on February 29, 2024. (Doc. 1-1). She alleges that Slusars negligently operated a motor vehicle that collided with Montanez's vehicle and injured her. The state-court Complaint seeks damages exceeding $50,000—the jurisdictional minimum for Florida circuit courts. (*Id.* at 1).

On April 12, 2024, Slusars removed the action to this Court, invoking this Court's subject-matter jurisdiction under 28 U.S.C. §§ 1332 and 1441 based on

the parties' diverse citizenship and a purported amount in controversy exceeding the $75,000 threshold for diversity jurisdiction.  (Notice of Removal, Doc. 1).  In her Notice of Removal, Slusars stated that prior to filing suit, Montanez's counsel provided her with a demand letter dated December 1, 2023, requesting $74,999.00 to settle the case.  (Doc. 1 at 6; *see also* Demand Letter, Doc. 1-7).  The demand letter—addressed to Slusars's insurer—stated that if Slusars's insurer did not respond by the deadline designated in the letter, the settlement offer would be withdrawn and Montanez's counsel would "file a lawsuit to seek an excess judgment against" Slusars. (Doc. 1-7).  Along with the Notice of Removal, Slusars also submitted Montanez's medical records.  (Docs. 1-8 through 1-10).

Montanez now moves to remand, asserting that Slusars has not established that the amount-in-controversy exceeds $75,000 as required for this Court's subject-matter jurisdiction.  Slusars opposes the motion, again relying on the demand letter and medical records.

## II.   Discussion

Under 28 U.S.C. § 1332(a), this Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." And "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the

2

defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

"If a plaintiff makes 'an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2020) (alteration in original) (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)). Slusars has not met this burden here.

Slusars relies in part on the pre-suit demand letter to her insurer. Although demand letters are not determinative of amounts in controversy, they "count for something." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994). Courts typically "analyze[] whether demand letters merely 'reflect puffing and posturing,' or whether they provide 'specific information to support the plaintiff's claim for damages' and thus offer a 'reasonable assessment of the value of [the] claim.'" *Lamb v. State Farm Mut. Auto. Ins. Co.*, No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010) (second alteration in original) (quoting *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009)).

Here, the demand letter requested $74,999.00—one dollar below the amount-in-controversy threshold—and provided no explanation supporting that

3

amount. Thus, this demand letter appears to be "puffing and posturing" and, as Montanez aptly puts it, it looks like "simply a form demand designed to kick start negotiations—which it did." (Doc. 10 at 6). Obviously, Montanez did not expect negotiations to result in a settlement higher than her demanded amount, and her starting point was below the jurisdictional minimum. And as Montanez notes, Slusars's insurer responded to the demand letter with an offer to settle for only $10,000.00. (*See* Doc. 10-4). Further, although Montanez threatened to "file a lawsuit to seek an excess judgment," (Doc. 1-7), such puffing and posturing does not establish that when Montanez later did file suit (or when Slusars removed the case to federal court), the amount in controversy actually exceeded $75,000.00.

The medical records upon which Slusars relies do not support the requisite amount in controversy either. They show only bills "to date" of $29,321.90 and an estimate of bills of between $5,700 and $8,400 over the next eighteen months. (See Doc. 12 at 6–7). The fact that Montanez has apparently suffered a permanent impairment with a 6% impairment rating also does little to shed light on damages. (*See id.* at 6). At this point, the record merely supports medical bills of approximately $35,000.

In sum, Slusars has not met her burden as the removing defendant of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. Thus, she has not established this Court's subject-matter

jurisdiction, and this action must be remanded to the state court from which it was removed.

## III.   Conclusion

Accordingly, it is **ORDERED** as follows:

1.      Plaintiff's Motion to Remand (Doc. 10) is **GRANTED**.

2.      This action is remanded to the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, Case No. 05-2024-CA-018079.

3.      The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida, on June 27, 2024.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record